UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEE SIMMONS, ) <br> ) <br> Defendant. ) | No. 22-cv-7081 (JSR) |

## [PROPOSED] ORDER

The Court, having considered the Plaintiff Securities and Exchange Commission's Motion for Summary Judgment and Memorandum of Law in Support thereof under Federal Rule of Civil Procedure 56, as well as the SEC's Motion under Federal Rules of Civil Procedure 36 and 37 regarding the Plaintiff's Requests for Admission, filed on February 17, 2023, and the documents filed in support thereof, and Plaintiff's Supplemental Memorandum of Law in Support of Plaintiff's Request for Remedies, and Defendant Lee Simmons having failed to file any opposition to Plaintiff's Motion for Summary Judgment, the Court hereby ORDERS that:

Plaintiff's Motion under Federal Rules of Civil Procedure 36 and 37 regarding the Plaintiff's Requests for Admission is hereby **GRANTED** and Plaintiff's Requests for Admission are deemed admitted; and

Plaintiff's Motion under Federal Rule of Civil Procedure 56 is **GRANTED** and Summary Judgment is **ORDERED** in favor of the Plaintiff.

IT IS FURTHER ORDERED THAT:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Simmons is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Simmons is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Simmons is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-8 [17 C.F.R. § 240.14e-8] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a) making any untrue statement of a material fact or omitting to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading;

    (b) engaging in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation; or

    (c) publicly announcing that the person (or a party on whose behalf the person is acting) plans to make a tender offer that has not yet been commenced, if the person:

        (1) Is making the announcement of a potential tender offer without the intention to commence the offer within a reasonable time and complete the offer;

        (2) Intends, directly or indirectly, for the announcement to manipulate the market price of the stock of the bidder or subject company; or

        (3) Does not have the reasonable belief that the person will have the means to purchase securities to complete the offer.

IT IS FURTHER ORDERED, Adjudged, And Decreed that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Simmons is permanently restrained and enjoined from violating, directly or indirectly, Section 207 of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-7], by making any untrue statement of a material fact in any registration application or report filed with the Securities and

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Lee Simmons as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### VIII.

It Is Further Ordered, Adjudged, And Decreed that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HON. JED S. RAKOFF
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: __May__, _15_, 2023